FILED

NOV 1 4 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ DEPUTY

CIV 16 1297 D

**DARRELL MORRIS,**
        **Petitioner,**

Case No. _____

**CIVIL RIGHTS COMPLAINT**
**Pursuant to 42 U.S.C. SS 1983**

**VS**

*GOVERNOR*, **Mary Fallin,** *OK.BOARD OF CORRECTIONS;* **Michael W. Roach, Frazier Henke, John T. Holder, Kevin J. Gross, Gene Haynes, Adam Luck, Irma J. Newborn,** *OK. DEPT. OF CORR. DIRECTORS;* **Robert Patton, Joe Allbaugh,** *OK. DEPT. OF CORR. CHIEF MEDICAL OFFICERS;* **Dr. Joel McCurdy, Dr. William Cooper,** *OK. DEPT. OF CORR. MSA'S;* **Buddy Honaker, Genese McCoy,** *D-III DEPUTY DIRECTOR*, **David Parker,** [L.A.R.C.]: *WARDEN*, **Jim Farris, Tamara Hill,** *CHSA*, **Buddy Honaker,** *RHSA*, **Ladonna Warrior, Dr. Kent King, Dr. Robert Balogh, Billie Nye, L.P.N..** [D.C.C.C]: *WARDEN,* **Janet Dowling, Tammy Cartwright,** *WARDEN'S ASST.*, **Jody Jones,** *CHSA*, **Dr. Larry Bowler, Bethany Wagener, PA-C,** *LAW LIBRARY SUPERVISOR*, **Diana Collins, Terrance Bolt,** *C.M.S.,* **Daniel Owens,** *A/C U.M.*, **Lisa Smiley,** *A/C C.M., ODOC POPULATION COORDINATOR, C.C.F.* **John Doe,** *et al.*
        **Respondent,**

## A.   PARTIES:

1. Petitioner, <u>Darrell Morris</u> is a convicted & sentenced state prisoner and a citizen of Oklahoma who resides at Cimarron Correctional Facility in Cushing,Ok., 3200 S. Kings Hwy., 74023

2. Respondent, Mary Fallin is a citizen of Oklahoma City,Ok., and is employed as Governor of Oklahoma.

3. Michael W. Roach is a citizen of Oklahoma City, Ok., and is employed on the Ok. Board of Corrections.

4. Frazier Henke is a citizen of Oklahoma City, Ok., and is employed on the Ok. Board of Corrections.

5. John T. Holder is a citizen of Oklahoma City, Ok., and is employed on the Ok. Board of Corrections.

6. Kevin J. Gross is a citizen of Oklahoma City, Ok., and is employed on the Ok. Board of Corrections.

**1**

CASE#CIV-                    **DARRELL MORRIS**

7. Gene Haynes is a citizen of Oklahoma City, Ok., and is employed on the Ok. Board of Corrections.

8. Adam Luck is a citizen of Oklahoma City, Ok., and is employed on the Ok. Board of Corrections.

9. Irma J. Newborn is a citizen of Oklahoma City, Ok., and is employed on the Ok. Board of Corrections.

10. Robert Patton is a citizen of Oklahoma City, Ok., and was employed as the Director of the Ok. Dept. of Corrections.

11. Joe Allbaugh is a citizen of Oklahoma City, Ok., and is employed as the Director of the Ok. Dept. of Corrections.

12. Dr. Joel McCurdy is a citizen of Oklahoma City, Ok., and is employed as the Chief Medical Officer for the Ok. Dept. of Corrections.

13. Dr. William Cooper is a citizen of Oklahoma City, Ok., and was employed as the Chief Medical Officer for the Ok. Dept. of Corrections.

14. Buddy Honaker is a citizen of Oklahoma City, Ok., and is employed as the Medical Services Administrator and was the RHSA at Lexington Correctional Center for the Ok. Dept. of Corrections.

15. Genese McCoy is a citizen of Oklahoma City, Ok., and was employed as the Medical Services Administrator for the Ok. Dept. of Corrections.

16. David Parker is a citizen of Oklahoma City, Ok., and is employed as the D-III Deputy Director for the Ok. Dept. of Corrections.

17. Jim Farris is a citizen of Lexington, Ok., and is employed as the Warden of Lexington Correctional Center for the Ok. Dept. of Corrections.

18. Tamara Hill is a citizen of Lexington, Ok., and was employed as the CHSA of Lexington Correctional Center for the Ok. Dept. of Corrections.

19. Ladonna Warrior is a citizen of Lexington, Ok., and was employed as Unit 6 case manager at Lexington Correctional Center for the Ok. Dept. of Corrections.

20. Dr. Kent King  is a citizen of Lexington, Ok., and was employed as a physician at Lexington Correctional Center for the Ok. Dept. of Corrections.

CASE#CIV-          DARRELL MORRIS

21. Dr. Robert Balogh is a citizen of Lexington, Ok., and was employed as a physician at Lexington Correctional Center for the Ok. Dept. of Corrections.

22. Billie Nye, L.P.N. is a citizen of Lexington, Ok., and is employed as an L.P.N. at Lexington Correctional Center for the Ok. Dept. of Corrections.

23. Janet Dowling is a citizen of Hominy, Ok., and is employed as the Warden of Dick Conner Correctional Center for the Ok. Dept. of Corrections.

24. Tammy Cartwright is a citizen of Hominy, Ok., and is employed as the Warden Assistant of Dick Conner Correctional Center for the Ok. Dept. of Corrections.

25. Jody Jones is a citizen of Hominy, Ok., and is employed as the CHSA of Dick Conner Correctional Center for the Ok. Dept. of Corrections.

26. Dr. Larry Bowler is a citizen of Hominy, Ok., and is employed as the physician of Dick Conner Correctional Center for the Ok. Dept. of Corrections.

27. Bethany Wagener, PA-C is a citizen of Hominy, Ok., and is employed as the physician assistant of Dick Conner Correctional Center for the Ok. Dept. of Corrections.

28. Diana Collins is a citizen of Hominy, Ok., and is employed as the Law Library Supervisor of Dick Conner Correctional Center for the Ok. Dept. of Corrections.

29. Terrance Bolt  is a citizen of Hominy, Ok., and is employed as the Case Manager Supervisor of Dick Conner Correctional Center for the Ok. Dept. of Corrections.

30. Daniel Owens is a citizen of Hominy, Ok., and is employed as the A/C Unit Manager Supervisor of Dick Conner Correctional Center for the Ok. Dept. of Corrections.

31. Lisa Smiley is a citizen of Hominy, Ok., and was employed as the A/C Case Manager of Dick Conner Correctional Center for the Ok. Dept. of Corrections.

32. O.D.O.C. Population Coordinator is a citizen of Lexington, Ok., and is employed as the Population Coordinator at Lexington Correctional Center for the Ok. Dept. of Corrections.

33. Cimarron Correctional Facility John doe, et al., Cushing, Ok.

At the time the claims alleged in this complaint arose all respondents were acting under color of state law.

*OK.BOARD OF CORRECTIONS;* Michael W. Roach, Frazier Henke, John T. Holder, Kevin J. Gross, Gene Haynes, Adam Luck, Irma J. Newborn and *C.C.F. MEDICAL,* et al. are being sued in their official capacity and all other respondents are being sued in their individual and official capacities.          3

CASE#CIV-          DARRELL MORRIS

**B.   JURISDICTION:**

Jurisdiction is asserted pursuant to 42 U.S.C. SS 1983, 28 U.S.C. SS 1343(a)(3), Title II Section 504 Rehabilitation Act of the ADA and RLUIPA.

**C.   NATURE OF CASE:**

Deliberate Indifference to Medical Needs, Retaliation, Discrimination, Conspiracy, Obstruction of Due Process, Unequal Protection of the Law, Grievance Process Unconstitutional, Harassment, Fraud, Extortion.

**D.   CAUSE OF ACTION:**      Plaintiff has never previously filed a civil action.

**E.   PREVIOUSLY DISMISSED ACTIONS OR APPEALS:**      None

**F.   FACTUAL STATEMENT:**

1) Plaintiff was diagnosed/treated for excruciating chronic pain associated with neuropathy & degenerative problems in hip, legs, back as well as constant migraine headaches by Dr. William Cooper, Ok. Department of Corrections Physician, the entire time plaintiff was being housed at M.A.C.C. Until being transferred (9/2011-3/2014) for pain control and a hip replacement to L.A.R.C. (EX.1-20)

2) Plaintiff experienced worsening of right ankle pain from years of hard limping as he waited to be treated for debilitating left hip problems. (EX.13)

3) Plaintiff attempted to be seen by Dr. Joel McCurdy the entire time he was housed at L.A.R.C. to address severe pain issues associated with degenerative joint disease as well as for neuropathy, migraine headaches and back problems but Nurse Billie Nye refused to schedule appointment with Dr. McCurdy even though he had been prescribing plaintiffs pain medications. (EX.16,19,24,28,30)

4) Plaintiff was seen by Dr. King and Dr. Balogh who both discontinued previous treatment (medication regimen) of Gabapentin used for years to effectively treat chronic pain making false allegations, misrepresenting medical problems and altering federally protected health information to avoid treatment attempting to justify unlawful/unethical practices.

4


Case # CIV

Darrell Morris

**5)** Plaintiff requested immediate drug screen but Dr. Balogh denied request challenging plaintiff to file paperwork.

[EX 24] **6)** Plaintiff sent request for medical services. "Denied hip has been replaced". Dr Balogh and Nurse Nye denied medical services.(11/14/14)

[EX 26] **7)** Plaintiff sent request for medical services. "Denied". Dr Balogh and Nurse Nye denied medical services.(12/8/14)

[EX 28] **8)** Plaintiff sent many requests to Tamara Hill, CHSA(L.A.R.C.), asking for help and requested to meet with Ms. Hill but she denied the request.

[EX 29] **9)** Plaintiff requested to meet with Buddy Honaker, RHSA, he denied request.

**10)** Plaintiff filed grievance (1\2\15) that Mr. Honaker had Ms. Warrior return to ~~plaintiff~~ unanswered violating policy making the grievance process unavailable.

[EX 30] **11)** Plaintiff sent request to Warden Farris asking for help but he did not answer request(1/5/15)

[EX 17] **12)** Plaintiff's case manager, Ms. Warrior, told the plaintiff he was being swapped out for an offender at Joseph Harp.

[27.31] **13)** Plaintiff was in a wheelchair but was shipped to a facility not wheelchair accessible(D.C.C.C.) as a retaliatory transfer for filing a grievance that was approved by L.A.R.C. Medical and the Population Supervisor despite the plaintiff's mobility problems & health issues.(1/8/15)

[EX 31] **14)** Plaintiff's intra-system transfer health screening ; medical problems help walking(1/8/15)[EX 31]

[EX 32] **15)** Dr Bowler (D.C.C.C.) refused wheelchair (1/8/15) E

[EX 31-41] **16)** Plaintiff sent numerous requests about problems with transfer(1/9/15)

[EX 39] **17)** Altered medical records (OCCC) IHAP (1/11/15)

[EX 40] **18)** Chronic Clinic (DCCC) aware of medical problems | health issues (1/13/15)

[EX 46] **19)** Plaintiff's drug test negative for all substances(2/11/15)

[EX 93] **20)** Plaintiff continued to submit many requests asking for help but all were denied/ ignored.

[EX 47] **21)** Plaintiff sent request for help with normal daily activities to Jody Jones, CHSA-DCCC, Denied(3/2/15)

[EX 48] **22)** Plaintiff sent Rms excruciating pain unable to perform daily activities (3/10/15)

[EX 51] **23)** Plaintiff sent RTS accommodate mobility problems provide wheelchair to Jody Jones, CHSA-DCCC (3/16/15)

[EX 53] **24)** Plaintiff sent RTS sickcall terminated not addressing all problems ; refund requested to Ms. Jones Denied (7/4/15)

[EX 54,57] **25)** Plaintiff sent RTS Jody Jones intercepting/answering requests sent to other staff obstruction (3/18/15)(3/3/15)

[EX 55] **26)** Plaintiff sent RTS arbitrary grievance warning by Ms. Jones retaliatory obstruction harassing (3/22/15)

[EX 56] **27)** Plaintiff sent RTS Policy violations/failure to follow protocol by Ms. Jones(3/31/15)

[EX 89] **28)** Plaintiffs 2nd drug test negative for all substances (3/23/15)

[EX 60] **29)** Plaintiff sent RTS to Lisa Smiley AIC case manager for help with grievances per ARA (4/3/15) Denied

[EX 62] **30)** Plaintiff sent RTS to Daniel Owers, AIC Unit manager for help with grievances per ARA (4/8/15) Denied

[EX 63] **31)** Plaintiff sent RTS about unfounded grievance restriction imposed (4/13/15)

5

Case# CIV    Darnell Morris

[Ex 64] 31) 4/9/15  Plaintiff sent RTS to Warden Dowling re Del-Doote ind Personal civil rights violations/mobility problems

[Ex 65] 32) 4/18/15  Plaintiff sent RTS to Terence Bolt, case manager supervisor, help with grievances/retaliatory obstruction (DCCC) (threatening)

[Ex 66] 33) 4/21/15  Chronic complaints/problems (Dr. Bowler) continuing to refuse to help

[Ex 67] 34) 5/7/15  Chronic orthopedic complaints (Dr. Larry Bowler) Denied treatment

[Ex 68] 35) 4/22/15  Plaintiff sent RTS to Warden Dowling for help with normal daily activities. Denied with threats.

[Ex 69] 36) 4/22/15  Plaintiff sent RTS to Warden Dowling about retaliatory obstruction of Due Process (unofficial Forms making grievance process unavailable)

[Ex 70-81] 37) 4/16,17,19/15  Plaintiff sent separate RMs for each medical problem) health issue. Dr. Bowler warned about cost, blatantly deliberate indifferent.

[Ex 82] 38) 4/8/15  Arbitrary grievance restriction by Jody Jones, CHSA-DCCC, retaliatory obstruction to thwart efforts.

[Ex 83] 39) 4/30/15  Terence Bolt, case manager supervisor, (DCCC) refusing to answer RTS's sent by plaintiff.

[Ex 84] 40) 4/28/15  Genere McCoy, Medical Services Administrator intercepting complaint to OK medical Board (Dr. King) (Dr. Balogh)

[Ex 87] 41) 5/8/15  I HAP medical records altered fraudulently, falsifying medical records

[Ex 88] 42) 5/8/15  Plaintiff sent RTS to LARC for I HAP transfer denied by Buddy Honaker

[Ex 89-97] 43) Plaintiff desperately seeking help with experiencing excruciating pain/mental anguish but D.O.C. continue to intercept, deny, obstruct, use unofficial forms failing to follow policy.

[Ex 98] 44) Warden Dowling criminally lied to government agency about plaintiff's medical problems.

[Ex 100] 45) 6/5/15  Plaintiff requested missing information Jody Jones claimed missing on grievance restriction affidavit. Ms. Jones would not provide.

[Ex 104] 46) 6/9/15  Tammy Cartwright, Warden's assistant, (DCCC) denied plaintiff's request for grievance log.

47) Dr. Bowler continuing to deny whether to accommodate plaintiff's mobility problems. (7/31/15)

[Ex 107] 48) Dr. Bowler refuses to restore Gabapentin used for years to manage plaintiff's chronic pain. (7/31/15)

[Ex 108] 49) Dr. Bowler continues to retaliate against plaintiff, (Intercepted by Warden Dowling) (7/31/15)

[Ex 109] 50) Plaintiff not receiving adequate pain management, (Intercepted by Warden Dowling) (7/31/15)

[Ex 110] 51) 8/6/15  Warden Dowling deny access to law library, copies, notary, etc. For plaintiff's deadlines

[Ex 111] 52) 8/10/15  All RTS being returned unanswered on unofficial forms making grievance process unavailable (Designed)

[Ex 112] 53) 8/24/15  Submitted grievance about retaliatory obstruction violating policy

[Ex 113] 54) 8/14/15  RTS Warden Dowling intercepting/answering all requests sent to other staff.

[Ex 114] 55) 8/14/15  RTS Plaintiff denied access to the courts during lockdown (Division Manager)

[Ex 115] 56) 8/14/15  RTS Diana Collins, law library Supervisor, obstructing by not following policy

[Ex 116] 57) 8/14/15  RTS Diana Collins, law library Supervisor, refusing to provide forms/legal resources (Ms. Bunde)

[Ex 117] 58) 8/14/15  RTS Diana Collins refusing access to law library (Division Manager)

[Ex 118] 59) 8/17/15  RTS retaliatory obstruction by Diana Collins (Ms. Bunde)

[Ex 119,120] 60) 8/18/15  RTS Plaintiff requested video/logbooks be preserved (chief Price)

6

[CASE#-CIV]                    Darrell Morris

[Ex 121] 61) 8/24/16 - Plaintiff seeking help from DROC General Counsel (Mr. Cincotta)
about Law Library Supervisor, Diana Collins, erasing plaintiff's legal documents. Denied

[Ex 122] 62) 9/4/15 - Plaintiff seeking help from Warden Dowling about Ms Collins erasing document. Denied

[Ex 123] 63) 9/18/15 - Letter from David Parker refusing to help with law library Supervisor
Diana Collins, retaliatory obstruction but acknowledging plaintiff's due diligence.

64) 12/14/15 Plaintiff's pain from using crutches with disabled hand unbearable, and
Plaintiff's case manager Ms Tilley wrote a misconduct escorted him to SHU.

65) Plaintiff was harassed with the same retaliatory obstruction by D.CCC
staff the entire time he was housed in SHU (12/14/15 - 1/20/16)

66) Plaintiff was transferred to OSR in Granite, OK at which time DCCC confiscated
a box of the plaintiff's legal work falsely claiming it was "excess". (1/21/16)

67) Plaintiff was then moved a week later to CCF, in Cushing. (1/27/16)

68) Plaintiff was assigned a wheelchair, had his medications restored to
previously used treatment and had his bone-fusion surgery expedited by DrPhine

69) 9/21/16 Plaintiff had his ankle bones fused at OUMC and will be in a cast for 12-16wks.

70) Plaintiff is still currently in cast waiting to see results. If successful or not
and then he will begin the rehabilitation process.

☆    PLAINTIFF has exhausted administrative remedies.

7

Case # CIV

Darrell Morris

# OVERVIEW SUMMARY

The OK Dept of Corrections had been treating the plaintiff's chronic pain issues documented extensively in his medical records and, in fact, was the reason/justification for him to be moved from MACC to LARC. Immediately, after a left hip replacement the plaintiff complained about the bones grinding in his right ankle and mobility problems he questioned the termination of previous treatment/medication regimen using Gabapentin effectively for years the plaintiff was challenged to File paperwork by Dr. Balogh. The plaintiff tried to get help from his case manager, La Donna Warner (LARC), Dr. King (LARC), Dr. Balogh (LARC), PA. Johnson, (RHSA-LARC) Tamara Hill (RHSA-LARC), Buddy Honaker, Warden (LARC) Jim Farris but was lied to and told was being moved to Joseph Harp Correctional Center. The plaintiff Filed a grievance that was returned unanswered with no date or number assigned violating OP-090124 making the grievance process unavailable. Even though the plaintiff was in a wheelchair he was moved to DCCC, a facility not wheelchair accessible. DOC officials conspired constantly retaliating. D.CCC discontinued all the plaintiff's medications, confiscated all his medical devices, Fraudulently altered his medical records, refused to provide wheelchair or accommodate normal daily activities violating the Americans with Disabilities Act. Workers routinely boasted how tough D.CCC was constantly denying proper/timely medical treatment, terminating sick calls telling plaintiff to "quit sending RMs harassing me", "I'm not going to do anything for you", "because I don't want to", "you could do whatever you wanted if you had the willpower", "D.OC. won't pay for it anyway" - The plaintiff's Federally protected medical records were fraudulently/criminally altered when moved from LARC to D.CCC. (RHSA-DCCC) Jody Jones denied every request the plaintiff sent, D.CCC staff refused to help with the grievance process, the Law Library supervisor, Diana Collins, erased plaintiff's legal document (affidavit) and refused access to legal resources, copies, notary, etc... When plaintiff told staff he was unable to use crutches due to the severe pain in his disabled hand he was locked-up in SHU for over a month then shipped all the way across the entire state to the farthest prison away that was least able to even meet the medical needs/health issues of the plaintiff. A week later the plaintiff was moved back across the state to a private prison located right down the road from DCCC. The plaintiff suffered lifelong trauma from these events that will affect him Forever. The excruciating/debilitating pain from his injury coupled with the mental, emotional and psychological anguish was

Case#CIV

## Darrell Morris
### OVERVIEW SUMMARY

Unnecessary and beyond belief. To make matters worse, D.O.C officials continued to thwart/frustrate plaintiff. D.C.C.C kept a box of the plaintiff's legal documents falsely claiming it was excess property even though it was within the property matrix of D.O.C policy. The plaintiff lost property all along the way and the property he had left upon arrival to CCF, a private prison, would not allow much of the property that was purchased at D.O.C. facilities and that the plaintiff had receipts for, which only added to his mental anguish.

Blatantly denying the plaintiff's request for medical services saying "your hip has been replaced, denied", moving him from LARC, a wheelchair accessible medical facility, where plaintiff was transferred to address his medical problems/health issues including pain management to DCCC, a facility not wheelchair accessible while discontinuing previous medical treatment refusing to help plaintiff then locking him in SHU due to his medical problems resulting in his first and only misconduct/write-up in 10 years of incarceration then shipping him back and forth across the state not only served no penalogical purpose other than to punish him inflicting cruel and unusual punishment but also jeopardized the probability of a favorable commutation review, certainly ruining the chance with the Pardon/Parole Board.

Unfortunately, this kind of behavior and constitutional violations is the norm not the exception. More importantly, the deliberate indifference to the plaintiff's medical needs by the OK Dept. of Corrections staff has permanently disabled him resulting in the bones in his ankle being fused together.

It is interesting to note that upon arrival to CCF, Dr. Paine accurately used plaintiff's medical records properly utilizing them to restore previous treatment used effectively for years, immediately provided a wheelchair to accommodate plaintiff's mobility problems and expedited his surgical needs.

The OK. Dept. of Corrections was malicious, reckless and without accountability whose actions can be accurately characterized as egregiously diabolical. The blatant violations of so many constitutional rights of the plaintiff involving the Americans with Disabilities Act, RLUIPA and an unconstitutional grievance process that, by design, is nothing more than an unfair mechanism used to thwart/frustrate plaintiffs attempts to get help. DOC used retaliation discrimination and obstruction tactics conspiring to avoid proper/timely treatment permanently disabling the plaintiff forever.

9

CASE#CIV-        **DARRELL MORRIS**

G.    **REQUEST FOR RELIEF:**

    **I.** <u>**Deliberate Indifference to Medical Needs**</u>

    **II.** <u>**Retaliation**</u>

    **III.** <u>**Discrimination**</u>

    **IV.** <u>**Conspiracy**</u>

    **V.** <u>**Obstruction of Due Process**</u>

    **VI.** <u>**Unequal Protection of the Law**</u>

    **VII.** <u>**Grievance Process Unconstitutional**</u>

    **VIII.** <u>**Fraud**</u>

    **IX.** <u>**Extortion**</u>

**CLAIMS FOR RELIEF/CAUSES OF ACTION**

I.    <u>**Deliberate Indifference to Medical Needs**</u>

    **1)**    Plaintiff sent numerous letters to Governor Fallin about problems receiving proper/timely medical treatment  that failed to meet his serious medical needs resulting in permanent irreparable damage. { As leader of Ok. Gov. Fallin is responsible for insuring those in the custody of the Ok. Dept. of Corrections receive proper/timely treatment} Governor Fallin was aware of deficiencies in medical funding as evidenced by approving many emergency supplemental requests which did not meet the medical needs of all offenders but was the "management by crisis" approach embraced by Gov. Fallin. Governor Fallin failed her constitutional responsibility to ensure policies/practices provide adequate medical care.

    **2)**    Collectively, the Ok. Board of Corrections members,  Michael W. Roach, Frazier Henke, John T. Holder, Kevin J. Gross, Gene Haynes, Adam Luck, Irma J. Newborn created, maintain and condoned policies that failed to meet serious medical needs of offenders that resulted in permanent irreparable damage. Members were  aware of deficiencies in medical funding as evidenced by approving many emergency supplemental requests which did not meet the medical needs of all offenders but was the "management by crisis" approach. Ok. Board of Corrections members have a constitutional responsibility to ensure policies/practices provide adequate medical care.

    **3)**    Plaintiff sent numerous requests to Ok. Dept. of Corrections Directors, Robert Patton & Joe Allbaugh problems receiving proper/timely medical treatment  that failed to meet serious medical needs resulting in permanent irreparable damage. Both Directors Robert Patton & Joe Allbaugh were  aware of deficiencies in medical funding as evidenced by requesting many emergency supplemental requests which did not meet the medical needs of all offenders but was the "management by crisis" approach. As the director of the Ok. Dept. of Corrections they have a constitutional responsibility to ensure policies/practices provide adequate medical care.

**10**

**CASE#CIV-**          **DARRELL MORRIS**

**4)**          Plaintiff sent numerous requests to Ok. Dept. of Corrections Chief Medical
Officers, Dr. William Cooper & Dr. Joel McCurdy about problems receiving
proper/timely medical treatment  that failed to meet serious medical needs resulting in
permanent irreparable damage. Both  Chief Medical Officers, Dr. William Cooper & Dr.
Joel McCurdy were aware of deficiencies in medical funding as evidenced by requesting
many emergency supplemental requests which did not meet the medical needs of all
offenders but was the "management by crisis" approach. As the director of the Ok. Dept.
of Corrections they have a constitutional responsibility to ensure policies/practices
provide adequate medical care.

**5)**          Both Medical Services Administrators, Genese McCoy & Buddy Honaker, were
aware of the serious medical needs that resulted in permanent irreparable damage/injury
to plaintiff. Both conspired in practices of automatically denying plaintiff's requests for
help using arbitrary methods for refusing attempts seeking administrative remedies.

**6)**          David Parker, Deputy Director DIII, was aware of deficiencies in medical
funding as evidenced by requesting many emergency supplemental requests which did
not meet the medical needs of all offenders but was the "management by crisis"
approach, maintaining and condoning policies that failed to meet serious medical needs
of offenders that resulted in permanent irreparable damage. As deputy director of the
Ok. Dept. of Corrections he has a constitutional responsibility to ensure
policies/practices provide adequate medical care.

**7)**          Jim Farris, L.A.R.C Warden, plaintiff sent a request about problems receiving
proper/timely medical treatment by L.A.R.C Medical failing to meet serious medical
needs that resulted in permanent irreparable damage to plaintiff. Warden Farris was
aware of the serious medical needs that resulted in permanent irreparable damage/injury
but refused to help plaintiff.

**8)**          Tamara Hill, L.A.R.C. CHSA, plaintiff sent many requests about problems
receiving proper/timely medical treatment that failed to meet serious medical needs that
resulted in permanent irreparable damage to the plaintiff. Ms. hill was aware of the
serious medical needs that resulted in permanent irreparable damage/injury but refused
to help plaintiff. Ms Hill also refused to schedule appointment to meet and address
plaintiff's concerns.

**9)**          Buddy Honaker, RHSA, plaintiff sent many requests about problems receiving
proper/timely medical treatment that failed to meet serious medical needs that resulted
in permanent irreparable damage. Mr. Honaker was aware of the serious medical needs
that resulted in permanent irreparable damage/injury but refused to help plaintiff. Mr.
Honaker also refused to schedule appointment to meet and address plaintiff's concerns
and he didn't follow policy handling grievance sending it back through Case Manager
Warrior unanswered without a date or number assigned as outlined in OP-090124.

**10)**          LaDonna Warrior, Unit 6 case manager, was aware of the serious medical needs
that resulted in permanent irreparable damage/injury but refused to help plaintiff. Ms.
Warrior told plaintiff " I don't have to help you with grievances". When I asked Ms.
Warrior about my grievance being unanswered without a date or number assigned she
told me " it was above her pay grade"?, which made the grievance process unavailable.

11

**CASE#CIV-          DARRELL MORRIS**

11)      Billie Nye, L.A.R.C.; L.P.N., was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff. Nurse Nye refused to allow plaintiff to see Dr. McCurdy the entire time the plaintiff was housed at L.A.R.C. Even though the plaintiff requested to do so as for Dr. McCurdy was responsible for the plaintiff's pain management prescribing pain medications.

12)      Dr. Kent King, L.A.R.C., was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff. Dr. King dismissed documented degenerative disease, disregarded extensive medical records/ previous treatment, making false unsubstantiated claims to avoid proper/ timely treatment. Dr. King recklessly and maliciously discontinued previous treatment of medication, Gabapentin, used effectively for years managing chronic pain. Dr. King fraudulently altered and misrepresented federally protected health information.

13)      Dr. Robert Balogh, L.A.R.C., was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff. Dr. Balogh dismissed documented degenerative disease, disregarded extensive medical records/ previous treatment, making false unsubstantiated claims to avoid proper/ timely treatment. Dr. Balogh recklessly and maliciously discontinued previous treatment of medication, Gabapentin, used effectively for years managing chronic pain. Dr. Balogh fraudulently altered and misrepresented federally protected health information.

14)      Janet Dowling, D.C.C.C. Warden, was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff. Plaintiff sent many requests about problems receiving proper/timely medical treatment by D.C.C.C Medical failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff. Warden Dowling lied to the Office of Disability Concerns making false claims, misrepresenting plaintiff's medical problems/ health issues.

15)      Tammy Cartwright, D.C.C.C. Warden's Assistant, was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff. Plaintiff sent many requests about problems receiving proper/timely medical treatment by D.C.C.C Medical failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff.

16)      Jody Jones, D.C.C.C.;CHSA, was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff. Plaintiff sent many requests about problems receiving proper/timely medical treatment by D.C.C.C Medical failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff. Ms. Jones refused to meet with plaintiff, denied every request, made false allegations arbitrarily imposing grievance restriction to thwart plaintiff's attempts seeking help. Ms. Jones conspired to harass plaintiff with retaliatory obstruction impeding due process.

12

**CASE#CIV-**          **DARRELL MORRIS**

17)     Dr. Bowler, D.C.C.C., was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff. Plaintiff sent many requests about problems receiving proper/timely medical treatment by D.C.C.C Medical failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff. Dr. Bowler denied wheelchair even though transfer packet indicated medical needs, discontinued medications, confiscated medical devices refusing to return them, blatantly denying proper/timely medical treatment even though the plaintiff's medical problems/ health issues were extensively well documented. Dr. Bowler made it perfectly clear how he felt about his responsibilities and his approach to offenders receiving medical care when he told me "it wasn't right that he had to pay 35% in taxes for inmate health care", "quit sending medical requests harassing me", "I'm not going to do anything for you", "because I don't want to". Dr. Bowler's actions were reckless, malicious and dangerous.

18)     Betheny Wagener, D.C.C.C;PA-C, was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff. Plaintiff sent many requests about problems receiving proper/timely medical treatment by D.C.C.C Medical failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff. Betheny Wagener denied wheelchair even though transfer packet indicated medical needs, discontinued medications, confiscated medical devices refusing to return them, blatantly denying proper/timely medical treatment even though the plaintiff's medical problems/ health issues were extensively well documented. Ms. Wagener terminated sick call visits without addressing all plaintiff's problems.

19)     Population Supervisor, L.A.R.C., was aware of the serious medical needs that resulted in permanent irreparable damage/injury, plaintiff's mobility problems & need for wheelchair.

## II.     Retaliation

**1.     Both Medical Services Administrators Genese McCoy & Buddy Honaker denied every request/grievance plaintiff submitted in retaliation for submitting requests, grievances and letters attempting to get help receiving proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease.**

**2.     David Parker, Deputy Director-DIII, condoned, misrepresented and made false claims in retaliation for submitting requests, grievances and letters attempting to get help receiving proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease.**

13

CASE#CIV-          DARRELL MORRIS

3.      Jim Farris, L.A.R.C. Warden, transferred plaintiff in retaliation for submitting requests, grievances and letters attempting to get help receiving proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease.

4.      Tamara Hill, L.A.R.C. CHSA, refused to help plaintiff, schedule a meeting or address plaintiff's problems in retaliation for submitting requests, grievances and letters attempting to get help receiving proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease.

5.      Buddy Honaker, L.A.R.C. RHSA, refused to help plaintiff, schedule a meeting or address plaintiff's problems in retaliation for submitting requests, grievances and letters attempting to get help receiving proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease. Mr. Honaker also made the grievance process unavailable by refusing to follow policy returning the plaintiff's grievance unanswered without a date or number assigned.

6. `    LaDonna Warrior, L.A.R.C. Unit 6 Case Manager, was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff. Ms. Warrior told plaintiff " I don't have to help you with grievances". When I asked Ms. Warrior about my grievance being unanswered without a date or number assigned she told me " it was above her pay grade"?, which made the grievance process unavailable. Ms. Warrior's refusal to help plaintiff, address plaintiff's problems was retaliation for submitting requests, grievances and letters attempting to get help receiving proper/timely treatment with pain/mobility problem associated with degenerative disease.

7.      Dr. Kent King, L.A.R.C., was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff in retaliation for submitting requests, grievances and letters attempting to get help receiving proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease. Dr. King dismissed documented degenerative disease, disregarded extensive medical records/ previous treatment, making false unsubstantiated claims to avoid proper/ timely treatment. Dr. King recklessly and maliciously discontinued previous treatment of medication, Gabapentin, used effectively for years managing chronic pain. Dr. King fraudulently altered and misrepresented federally protected health information.

14

CASE#CIV-          DARRELL MORRIS

8.     Dr. Robert Balogh, L.A.R.C., was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff in retaliation for submitting requests, grievances and letters attempting to get help receiving proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease. Dr. Balogh dismissed documented degenerative disease, disregarded extensive medical records/ previous treatment, making false unsubstantiated claims to avoid proper/ timely treatment. Dr. Balogh recklessly and maliciously discontinued previous treatment of medication, Gabapentin, used effectively for years managing chronic pain. Dr. Balogh fraudulently altered and misrepresented federally protected health information.

9.     Billie Nye, L.A.R.C.; L.P.N., was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff in retaliation for submitting requests, grievances and letters attempting to get help receiving proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease. Nurse Nye refused to allow plaintiff to see Dr. McCurdy the entire time the plaintiff was housed at L.A.R.C. Even though the plaintiff requested to do so as for Dr. McCurdy was responsible for the plaintiff's pain management prescribing pain medications.

10.    Janet Dowling, D.C.C.C. Warden, was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff in retaliation for submitting requests, grievances and letters attempting to get help receiving proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease. Plaintiff sent many requests about problems receiving proper/timely medical treatment by D.C.C.C Medical failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff. Warden Dowling lied to the Office of Disability Concerns making false claims, misrepresenting plaintiff's medical problems/ health issues.

CASE#CIV-                    DARRELL MORRIS

11.     Tammy Cartwright, D.C.C.C. Warden's Assistant, was aware of the serious
medical needs that resulted in permanent irreparable damage/injury but refused to help
plaintiff in retaliation for submitting requests, grievances and letters attempting to get
help receiving proper/timely treatment with pain/mobility problems associated with
debilitating degenerative joint disease. Plaintiff sent many requests about problems
receiving proper/timely medical treatment by D.C.C.C Medical failing to meet serious
medical needs that resulted in permanent irreparable damage to plaintiff.

12.     Jody Jones, D.C.C.C.;CHSA, was aware of the serious medical needs that resulted
in permanent irreparable damage/injury but refused to help plaintiff  in retaliation for
submitting requests, grievances and letters attempting to get help receiving proper/timely
treatment with pain/mobility problems associated with debilitating degenerative joint
disease. Plaintiff sent many requests about problems receiving proper/timely medical
treatment by D.C.C.C Medical failing to meet serious medical needs that resulted in
permanent irreparable damage to plaintiff. Ms. Jones refused to meet with plaintiff,
denied every request, made false allegations arbitrarily imposing grievance restriction to
thwart plaintiff's attempts seeking help. Ms. Jones conspired to harass plaintiff with
retaliatory obstruction impeding due process.

13.     Dr. Bowler, D.C.C.C., was aware of the serious medical needs that resulted in
permanent irreparable damage/injury but refused to help plaintiff  in retaliation for
submitting requests, grievances and letters attempting to get help receiving proper/timely
treatment with pain/mobility problems associated with debilitating degenerative joint
disease.  Plaintiff sent many requests about problems receiving proper/timely medical
treatment by D.C.C.C Medical failing to meet serious medical needs that resulted in
permanent irreparable damage to plaintiff. Dr. Bowler denied wheelchair even though
transfer packet indicated medical needs, discontinued medications, confiscated medical
devices refusing to return them, blatantly denying proper/timely medical treatment even
though the plaintiff's medical problems/ health issues were extensively well documented.
Dr. Bowler made it perfectly clear how he felt about his responsibilities and his approach
to offenders receiving medical care when he told me "it wasn't right that he had to pay
35% in taxes for inmate health care", "quit sending medical requests harassing me", "I'm
not going to do anything for you", "because I don't want to". Dr. Bowler's actions were
reckless, malicious and dangerous.     16

CASE#CIV-                    DARRELL MORRIS

14.     Betheny Wagener, D.C.C.C;PA-C, was aware of the serious medical needs that
resulted in permanent irreparable damage/injury but refused to help plaintiff in
retaliation for submitting requests, grievances and letters attempting to get help receiving
proper/timely treatment with pain/mobility problems associated with debilitating
degenerative joint disease. Plaintiff sent many requests about problems receiving
proper/timely medical treatment by D.C.C.C Medical failing to meet serious medical
needs that resulted in permanent irreparable damage to plaintiff. Betheny Wagener
denied wheelchair even though transfer packet indicated medical needs, discontinued
medications, confiscated medical devices refusing to return them, blatantly denying
proper/timely medical treatment even though the plaintiff's medical problems/ health
issues were extensively well documented. Ms. Wagener terminated sick call visits without
addressing all plaintiff's problems.

15.     Diana Collins, Law Library Supervisor-D.C.C.C., denied access to the law library,
legal resources, copies, notary, forms, etc... Ms. Collins erased a legal document
( grievance restriction affidavit) and openly discussed & allowed other offenders to read
the plaintiff's legal documents, encouraging her workers to harass, threaten and
intimidate plaintiff in retaliation for submitting requests, grievances and letters
attempting to get help receiving proper/timely treatment with pain/mobility problems.

16.     Terrance Bolt, Case Manager Supervisor-D.C.C.C., denied assistance with the
grievance process making false allegations, refusing to answer requests and threatening
plaintiff in retaliation for submitting requests, grievances and letters attempting to get
help receiving proper/timely treatment with pain/mobility problems associated with
debilitating degenerative joint disease.

17.     Daniel Owens, A/C Unit Manager-D.C.C.C.,denied assistance with the grievance
process making false allegations, refusing to answer requests and threatening plaintiff in
retaliation for submitting requests, grievances and letters attempting to get help receiving
proper/timely treatment with pain/mobility problems associated with debilitating
degenerative joint disease.

17

CASE#CIV-          DARRELL MORRIS

18.    Lisa Smiley, A/C case manager-D.C.C.C., denied assistance with the grievance process making false allegations, refusing to answer requests and threatening plaintiff in retaliation for submitting requests, grievances and letters attempting to get help receiving proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease.

19.    Population Supervisor, L.A.R.C., was aware of the serious medical needs that resulted in permanent irreparable damage/injury, plaintiff's mobility problems & need for wheelchair but approved transfer in retaliation for submitting requests, grievances and letters attempting to get help receiving proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease.

III.    Discrimination

1    Dr. William Cooper, Ok. Dept. of Corrections Chief Medical Officer, discriminated against the plaintiff denying proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease.

2.    Dr. Joel McCurdy, Ok. Dept. of Corrections Chief Medical Officer, discriminated against the plaintiff denying proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease.

3.    Buddy Honaker, Medical Services Administrator, discriminated against the plaintiff denying every request attempting to receive proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease.

4.    Genese McCoy, Medical Services Administrator, discriminated against the plaintiff denying every request attempting to receive proper/timely treatment with pain/mobility problems associated with debilitating degenerative joint disease.

5.    David Parker, Deputy Director-DIII, discriminated against the plaintiff denying assistance with the grievance process making false allegations, refusing to answer requests and threatening plaintiff to avoid helping him.

6.    Tamara Hill, L.A.R.C. CHSA, discriminated against the plaintiff denying proper/timely medical treatment failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff.

18

CASE#CIV-          DARRELL MORRIS

7.      Dr. Kent King, L.A.R.C., discriminated against the plaintiff denying proper/timely medical treatment failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff. Dr. King dismissed documented degenerative disease, disregarded extensive medical records/ previous treatment, making false unsubstantiated claims to avoid proper/ timely treatment. Dr. King recklessly and maliciously discontinued previous treatment of medication, Gabapentin, used effectively for years managing chronic pain. Dr. King fraudulently altered and misrepresented federally protected health information.

8.      Dr. Robert Balogh, L.A.R.C., discriminated against the plaintiff denying proper/timely medical treatment failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff. Dr. Balogh dismissed documented degenerative disease, disregarded extensive medical records/ previous treatment, making false unsubstantiated claims to avoid proper/ timely treatment. Dr. Balogh recklessly and maliciously discontinued previous treatment of medication, Gabapentin, used effectively for years managing chronic pain. Dr. Balogh fraudulently altered and misrepresented federally protected health information.

9.      Billie Nye, L.A.R.C.; L.P.N., discriminated against the plaintiff denying proper/timely medical treatment failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff. Nurse Nye refused to allow plaintiff to see Dr. McCurdy the entire time the plaintiff was housed at L.A.R.C. Even though the plaintiff requested to do so as for Dr. McCurdy was responsible for the plaintiff's pain management prescribing pain meds.

10.     Janet Dowling, D.C.C.C. Warden, was aware of the serious medical needs that resulted in permanent irreparable damage/injury but refused to help plaintiff with normal daily activities discriminating against the plaintiff's right to attend religious services/programs.  Warden Dowling lied to the Office of Disability Concerns making false claims, misrepresenting plaintiff's medical problems/ health issues failing to accommodate his mobility needs.          19

CASE#CIV- **DARRELL MORRIS**

11.     Jody Jones, D.C.C.C.;CHSA, discriminated against the plaintiff denying proper/timely medical treatment failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff. Plaintiff sent many requests about problems receiving proper/timely medical treatment by D.C.C.C Medical failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff. Ms. Jones refused to meet with plaintiff, denied every request, made false allegations arbitrarily imposing grievance restriction to thwart plaintiff's attempts seeking help. Ms. Jones conspired to harass plaintiff with retaliatory obstruction impeding due process.

12.     Dr. Bowler, D.C.C.C., discriminated against the plaintiff denying proper/timely medical treatment failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff. Dr. Bowler denied wheelchair even though transfer packet indicated medical needs, discontinued medications, confiscated medical devices refusing to return them, blatantly denying proper/timely medical treatment even though the plaintiff's medical problems/ health issues were extensively well documented. Dr. Bowler made it perfectly clear how he felt about his responsibilities and his approach to offenders receiving medical care when he told me "it wasn't right that he had to pay 35% in taxes for inmate health care", "quit sending medical requests harassing me", "I'm not going to do anything for you", "because I don't want to". Dr. Bowler's actions were reckless, malicious and dangerous.

13.     Betheny Wagener, D.C.C.C;PA-C, discriminated against the plaintiff denying proper/timely medical treatment failing to meet serious medical needs that resulted in permanent irreparable damage to plaintiff. Betheny Wagener denied wheelchair even though transfer packet indicated medical needs, discontinued medications, confiscated medical devices refusing to return them, blatantly denying proper/timely medical treatment even though the plaintiff's medical problems/ health issues were extensively well documented. Ms. Wagener terminated sick call visits without addressing all plaintiff's problems.

20

CASE#CIV-          DARRELL MORRIS

14.     Terrance Bolt, Case Manager Supervisor-D.C.C.C., discriminated against the plaintiff denying assistance with the grievance process making false allegations, refusing to answer requests and threatening plaintiff to avoid helping him.

15.     Daniel Owens, A/C Unit Manager-D.C.C.C., discriminated against the plaintiff denying assistance with the grievance process making false allegations and refusing to answer requests.

16.     Lisa Smiley, A/C case manager-D.C.C.C., discriminated against the plaintiff denying assistance with the grievance process,  refusing to make legal copies and refusing to answer requests.

17.     Diana Collins, Law Library Supervisor-D.C.C.C., discriminated against the plaintiff denying access to the law library, legal resources, copies, notary, forms, etc...  Ms. Collins erased a legal document ( grievance restriction affidavit) allowing other offenders access.

18.     Population Supervisor, L.A.R.C., discriminated against the plaintiff by approving transfer to facility that was not able to meet medical needs/health problems. Plaintiff was in wheelchair but was sent to a facility that was not wheelchair accessible.

CASE#CIV-              DARRELL MORRIS

IV.      Conspiracy

1)  Mary Fallin, Michael W. Roach, Frazier Henke, John T. Holder, Kevin J. Gross, Gene
Haynes, Adam Luck, Irma J. Newborn, Robert Patton, Joe Allbaugh, Dr. Joel McCurdy,
Dr. William Cooper, Buddy Honaker, Genese McCoy, David Parker, Jim Farris, Tamara
Hill, Ladonna Warrior, Dr. Kent King, Dr. Robert Balogh, Billie Nye, Janet Dowling,
Tammy Cartwright, Jody Jones, Dr. Larry Bowler, Bethany Wagener, Diana Collins,
Terrance Bolt, Daniel Owens, Lisa Smiley, ODOC Population Coordinator.

   All conspired to not provide proper/timely medical treatment that resulted in
permanent irreparable damage/injury to the plaintiff condoning policies/practices  that
were inadequate and deficient, involving insufficient funding, using retaliation,
obstruction of Due Process, Fraud, Discrimination, extortion, Unequal Protection of the
Law and a Grievance Process that is Unconstitutional.


V.       Obstruction of Due Process

1)  Buddy Honaker, Genese McCoy, David Parker, Tamara Hill, Ladonna Warrior, Janet
Dowling, Tammy Cartwright, Jody Jones, Diana Collins, Terrance Bolt, Daniel Owens,
Lisa Smiley.

   All failed to follow policy using tactics/methods to thwart plaintiff's attempts to get help
obstructing his due process by arbitrarily denying his requests, using unofficial forms,
altering records, misrepresenting information and blatantly refusing to assist plaintiff.


VI.      Unequal Protection of the Law

22

CASE#CIV-          DARRELL MORRIS

IV.      Conspiracy

1) **Mary Fallin, Michael W. Roach, Frazier Henke, John T. Holder, Kevin J. Gross, Gene Haynes, Adam Luck, Irma J. Newborn, Robert Patton, Joe Allbaugh, Dr. Joel McCurdy, Dr. William Cooper, Buddy Honaker, Genese McCoy, David Parker, Jim Farris, Tamara Hill, Ladonna Warrior, Dr. Kent King, Dr. Robert Balogh, Billie Nye, Janet Dowling, Tammy Cartwright, Jody Jones, Dr. Larry Bowler, Bethany Wagener, Diana Collins, Terrance Bolt, Daniel Owens, Lisa Smiley, ODOC Population Coordinator.**

   **All conspired to not provide proper/timely medical treatment that resulted in permanent irreparable damage/injury to the plaintiff condoning policies/practices that were inadequate and deficient, involving insufficient funding, using retaliation, obstruction of Due Process, Fraud, Discrimination, extortion, Unequal Protection of the Law and a Grievance Process that is Unconstitutional.**

V.       Obstruction of Due Process

1) **Buddy Honaker, Genese McCoy, David Parker, Tamara Hill, Ladonna Warrior, Janet Dowling, Tammy Cartwright, Jody Jones, Diana Collins, Terrance Bolt, Daniel Owens, Lisa Smiley.**

   **All failed to follow policy using tactics/methods to thwart plaintiff's attempts to get help obstructing his due process by arbitrarily denying his requests, using unofficial forms, altering records, misrepresenting information and blatantly refusing to assist plaintiff.**

VI.      Unequal Protection of the Law

1) Dr. William Cooper, Dr. Joel McCurdy, Dr. Kent King, Dr. Robert Balogh, RA Bethany Wagener, Dr. Larry Bowler, all refused to provide adequate pain management as other offenders received.

2) Janet Dowling, Jody Jones, Dr. Larry Bowler, refused to provide assistance with normal daily activities.

3) Buddy Honaker, Genese McCoy, Tamara Hill, La Donna Warrior, Janet Dowling, Tammy Cartwright, Jody Jones, Diana Collins, Terrance Bolt, Daniel Owens, Lisa Smiley, all failed to make the grievance process available as for other offenders.

4) Dr. Cooper, Dr. McCurdy, Buddy Honaker, Genese McCoy, Janet Dowling, Jody Jones, Dr. Bowler, Terrance Bolt, Daniel Owens, Lisa Smiley, ODOC Population Coordinator all failed to provide adequate housing to meet the needs of the plaintiff as other offenders.

22

CASE#CIV-              DARRELL MORRIS

VII.      Grievance Process Unconstitutional

1) Imposing unwarranted grievance restriction to extort fees ( notary, copies, etc...) for the ability to use the grievance process.

2) Do not provide copies for verification and accountability except for initial RTS.

3) No verification/accountability on receiving ARA response or other communications.

4) Providing arbitrary answers and unsubstantiated allegations with no resolution.

5) Using unofficial forms not listed in OP-090124(grievance process).

6) Requiring unavailable document (grievance restriction affidavit).

7) Refusing to provide alleged missing information.

8) Refusing to provide list of grievances.

VIII.     Fraud

1) Dr King altered plaintiff's medical records providing false, misleading and misrepresenting his medical problems/health issues.

2) Dr. Balogh altered plaintiff's medical records providing false, misleading and misrepresenting his medical problems/health issues.

3) Dr. Bowler altered plaintiff's medical records providing false, misleading and misrepresenting his medical problems/health issues.

4) Bethany Wagener PA-C  altered plaintiff's medical records providing false, misleading and misrepresenting his medical problems/health issues.

5) Jody Jones altered plaintiff's medical records providing false, misleading and misrepresenting his medical problems/health issues, falsified information to arbitrarily impose grievance restriction, denying every request using arbitrarily reasons to return requests unanswered to avoid helping plaintiff.

6) Genese McCoy falsified information to arbitrarily impose grievance restriction, denying every request using arbitrarily reasons to return requests unanswered to avoid helping plaintiff.

7) Buddy Honaker denied every request using arbitrarily reasons to return requests unanswered to avoid helping plaintiff.

23

CASE#CIV-        **DARRELL MORRIS**

8) Terance Bolt denied every request using arbitrarily reasons to return requests unanswered to avoid helping plaintiff with grievance process.

9) Janet Dowling denied every request using arbitrarily reasons to return requests unanswered to avoid helping plaintiff, misrepresented plaintiff's medical problems/health issues criminally lying to a government agency.( Office of Disability Concerns)

## IX. Extortion

1) Jody Jones charging for initial assessment upon arrival when transferring from another facility violating D.O.C. Policy, charging for sick calls terminated before all plaintiff's problems addressed, arbitrarily imposing grievance restriction that required plaintiff to pay to file grievances.

2) Genese McCoy arbitrarily imposing grievance restriction that required plaintiff to pay to file grievances and denying every request using arbitrarily reasons to return requests unanswered to avoid helping plaintiff costing unnecessary postage.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this court grant the following relief:

1) Declare defendants, Mary Fallin, Michael W. Roach, Frazier Henke, John T. Holder, Kevin J. Gross, Gene Haynes, Adam Luck, Irma J. Newborn, Robert Patton, Joe Allbaugh, Dr. Joel McCurdy, Dr. William Cooper, Buddy Honaker, Genese McCoy, David Parker, Jim Farris, Tamara Hill, Ladonna Warrior, Dr. Kent King, Dr. Robert Balogh, Billie Nye, Janet Dowling, Tammy Cartwright, Jody Jones, Dr. Larry Bowler, Bethany Wagener, ODOC Population Coordinator violated plaintiff's Eighth Amendment rights being deliberately indifferent to his medical needs.

24

CASE#CIV-          DARRELL MORRIS

2) Declare defendants, Dr. Joel McCurdy, Dr. William Cooper, Buddy Honaker, Genese McCoy, David Parker, Tamara Hill, Dr. Kent King, Dr. Robert Balogh, Billie Nye, Janet Dowling, Jody Jones, Dr. Larry Bowler, Bethany Wagener, Diana Collins, Terrance Bolt, Daniel Owens, Lisa Smiley, ODOC Population Coordinator all violated plaintiff's constitutional rights retaliating against him.

3) Declare defendants, Mary Fallin, Michael W. Roach, Frazier Henke, John T. Holder, Kevin J. Gross, Gene Haynes, Adam Luck, Irma J. Newborn, Robert Patton, Joe Allbaugh, Dr. Joel McCurdy, Dr. William Cooper, Buddy Honaker, Genese McCoy, David Parker, Jim Farris, Tamara Hill, Ladonna Warrior, Dr. Kent King, Dr. Robert Balogh, Billie Nye, Janet Dowling, Tammy Cartwright, Jody Jones, Dr. Larry Bowler, Bethany Wagener, Diana Collins, Terrance Bolt, Daniel Owens, Lisa Smiley, ODOC Population Coordinator all violated plaintiff's constitutional rights conspiring to not provide proper/timely medical treatment that resulted in permanent irreparable damage/injury to the plaintiff condoning policies/practices that were inadequate and deficient, involving insufficient funding, using retaliation, obstruction of Due Process, Fraud, Discrimination, extortion, Unequal Protection of the Law and a Grievance Process that is Unconstitutional.

4) Declare defendants, Buddy Honaker, Genese McCoy, David Parker, Tamara Hill, Ladonna Warrior, Janet Dowling, Tammy Cartwright, Jody Jones, Diana Collins, Terrance Bolt, Daniel Owens, Lisa Smiley all violated plaintiff's constitutional rights failing to follow policy using tactics/methods to thwart plaintiff's attempts to get help obstructing his due process by arbitrarily denying his requests, using unofficial forms, altering records, misrepresenting information and blatantly refusing to assist plaintiff.

CASE#CIV-          DARRELL MORRIS

5) **Declare Grievance Process Unconstitutional for the following reasons; Imposing unwarranted grievance restriction to extort fees ( notary, copies, etc...) for the ability to use the grievance process, Does not provide copies for verification and accountability except for initial RTS, No verification/accountability on receiving ARA response or other communications, Providing arbitrary answers and unsubstantiated allegations with no resolution, Using unofficial forms not listed in OP-090124(grievance process), Requiring unavailable document (grievance restriction affidavit), Refusing to provide alleged missing information, Refusing to provide list of grievances.**

6) **Declare defendants, Buddy Honaker, Genese McCoy,  Dr. Kent King, Dr. Robert Balogh, Janet Dowling, Jody Jones, Dr. Larry Bowler, Bethany Wagener, Terrance Bolt acted fraudulently violating plaintiff's constitutional rights.**

7) **Declare defendants, Genese McCoy and Jody Jones violated plaintiff's constitutional rights by extorting fees.**

8) **Issue injunction preventing prison staff from delaying/mishandling plaintiff's mail.**

9) **Issue injunction preventing prison staff from retaliatory move to isolate plaintiff.**

10) **Issue injunction preventing prison staff from confiscating/destroying plaintiff's legal documents.**

11) **Award compensatory damages for plaintiff's physical and emotional injuries, and punitive damages against each defendant.**

12) **Grant plaintiff any other relief that plaintiff is entitled to.**

H.    **VERIFICATION:**

I state under penalty of perjury under the laws of OK that the foregoing is true & correct. Title 12 O.S.Supp.2004, Sec. 426. Executed at the Cimarron Correctional Facility in Cushing, OK. On the 7ᵗʰ day of November , 2016 .

Darrell Morris

(Print Affiant's Name)          **Darrell Morris**