IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DARRELL MORRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-16-1297-D |
| | ) |
| **MARY FALLIN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff Darrell Morris, a state inmate appearing *pro se* and *in forma pauperis*, has filed a lawsuit under 42 U.S.C. § 1983, alleging violations of his constitutional rights. (ECF No. 1). United States District Judge Timothy DeGiusti referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Before the Court is Plaintiff's Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction (ECF No. 16). In the Motion, Plaintiff requests:

> [A]n injunction for a temporary restraining order preventing the obstruction, delay or destruction of incoming/outgoing legal mail due to petitioner's incoming legal mail not being delivered for 7, 11, 25 days, petitioner's outgoing legal mail to the court never received by the court and mishandling or legal mail in general, preventing access to the courts and prejudicing his case.

(ECF No. 16).

## **MOTION FOR TEMPORARY RESTRAINING ORDER**

Great care must be used in the granting of interlocutory injunctive relief because of the extraordinary nature of that remedy. *Commercial Security Bank v. Walker Bank &*

*Trust Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972). As a result, a TRO may only be granted without notice to the adverse parties when the procedural safeguards of Fed. R. Civ. P. 65(b) are "scrupulously honored." 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure 2d § 2952; *see also Commercial Security Bank*, 456 F.2d at 1356 ("We can only reiterate that Rule 65 must be strictly complied with.") Those safeguards require the movant to show that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party . . . can be heard in opposition," and certify "in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

In the pleading, Mr. Morris does not address his efforts to notify the Defendants of the motion or provide any reasons for his inability to provide such notice. As a result, it is recommended that the motion for a temporary restraining order be denied. *Commercial Security Bank*, 456 F.2d at 1356 (reversing the district court's issuance of a temporary restraining order in part because the court had failed to comply with Fed. R. Civ. P. 65(b)).

## MOTION FOR A PRELIMINARY INJUNCTION

To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226

(10th Cir. 2007). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Id.* Although the Court will construe a *pro se* litigant's filings liberally, requests for relief must be supported, at a minimum, by factual allegations, which require no special legal training to provide. *See Hall v. Bellmon,* 935 F.2d at 1106, 1110 & n.3 (10th Cir. 1991) (stating rule of liberal construction "applies to all proceedings involving a pro se litigant"); Fed.R.Civ.P. 7(b)(1)(B) (requiring requests for a court order to "state with particularity the grounds for seeking the order").

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *De Beers Consol. Mines, Ltd. v. United States,* 325 U.S. 212, 220 (1945). The Court may not enter a preliminary injunction when the movant seeks intermediate relief beyond the claims of the complaint. *See Farris v. Frazier*, No. CIV-12-1099-W, 2014 WL 3749142, at *15 (W.D. Okla. July 29, 2014), *aff'd,* 599 F. App'x 851 (10th Cir. 2015) (citing *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.")). Thus, "the movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones,* 607 F.3d 1245, 1251 (10th Cir. 2010) (internal quotation marks omitted); *see also Penn v. San Juan Hosp., Inc.,* 528 F.2d 1181, 1185 (10th Cir. 1975) ( "[The movant] must [establish his right to such relief] by clear proof that he will probably prevail when the

merits are tried, so to this extent there is a relation between temporary and permanent relief").

In the complaint, Mr. Morris alleges nine causes of action against various Defendants: (1) deliberate indifference to serious medical needs in violation of the Eighth Amendment, (2) retaliation, (3) discrimination, (4) conspiracy, (5) obstruction of Due Process, (6) violation of Equal Protection, (7) unconstitutional grievance process, (8) fraud, and (9) extortion. (ECF No. 1:10-24). Plaintiff's Complaint raises no claims relevant to his legal mail issues and seeks no relief on those grounds, which are the only grounds raised in his request for a preliminary injunction. *Compare* ECF No. 1 *with* ECF No. 16.

Plaintiff therefore has not shown the requisite relationship between Defendants' conduct asserted in the Complaint and the injury claimed in his Motion for a Preliminary Injunction. *See Little,* 607 F.3d at 1251. Thus, a preliminary injunction would be inappropriate to address the allegations regarding his alleged "mishandling of legal mail," and the Court should therefore deny the request for injunctive relief.

## RECOMMENDATION

In light of the foregoing, it is recommended that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, **(ECF No. 16)**, be **DENIED.** Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **March 2, 2017**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual

and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **DOES NOT dispose of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on February 13, 2017.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE