IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DARRELL MORRIS,                           )
                                          )
                Plaintiff,                )
                                          )
v.                                        )        Case No. CIV-16-1297-D
                                          )
GOVERNOR MARY FALLIN, *et al.*,           )
                                          )
                Defendants.               )

# O R D E R

This matter comes before the Court for review of the Report and Recommendation
[Doc. No. 34] issued by United States Magistrate Judge Shon T. Erwin on March 29, 2017,
pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial screening of the Amended
Complaint, Judge Erwin recommends in a thorough 50-page Report the dismissal of certain
parties and claims. Plaintiff has filed a timely objection [Doc. No. 42] within the deadline
authorized by the Court. *See* 5/2/217 Order [Doc. No. 41]. The Court must make a *de
novo* determination of portions of the Report to which a specific objection is made, and
may accept, modify, or reject the recommended decision. See 28 U.S.C. § 636(b)(1); Fed.
R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action
under 42 U.S.C. § 1983 seeking declaratory and injunctive relief and damages for alleged
violations of his constitutional rights during his confinement in two correctional facilities.[1]

---

[1] Plaintiff complains of events at the Lexington Assessment and Reception Center (LARC) and the
Dick Conner Correctional Center (DCCC). He is now confined at the John H. Lilley Correctional Center
in Boley, Oklahoma.

Plaintiff initially sued Governor Mary Fallin and 30 officers and employees of the Oklahoma Department of Corrections ("DOC"). The Amended Complaint asserts claims against 23 defendants and, like the original pleading, is accompanied by voluminous exhibits, now spanning more than 260 pages. Judge Erwin's careful review of the Amended Complaint leads to the following conclusions, to which Plaintiff objects:

1) Plaintiff's claims for damages against defendants in their official capacities are barred by Eleventh Amendment immunity and should be dismissed without prejudice. Plaintiff makes no specific objection to this finding. *See* Pl.'s Obj. [Doc. No. 42] at 1, ¶ 1. Thus, the Court discerns no issue for decision.[2]

2) Plaintiff's claims for declaratory and injunctive relief should be dismissed for various reasons.[3] Again, Plaintiff makes no specific objection to these findings (*id*. at 1, ¶¶ 2-3), and no issue is presented for decision.

3) Plaintiff's claims for damages against defendants in their individual capacities for alleged deliberate indifference to Plaintiff's medical needs, as asserted in Count I of the Amended Complaint, should be dismissed without prejudice as to Defendants Robert Patton, Joe Allbaugh, William Cooper, Joel McCurdy, David Parker, Genese McCoy,

---

[2] The court of appeals has adopted a "firm waiver" rule that requires a timely and specific objection to preserve an issue for *de novo* review by the district court. *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). "[A]n objection stating only 'I object' preserves no issue for review." *Id*. (internal quotation omitted).

[3] Judge Erwin recommends a dismissal with prejudice; however, the reasons for dismissal are jurisdictional in nature – the lack of an actual, live controversy to be resolved by declaratory relief and a lack of standing to obtain the injunctive relief sought. Thus, a dismissal without prejudice is appropriate. *See Sause v. Bauer*, No. 16-3231, 2017 WL 2641070, *6 (10th Cir. June 20, 2017) (to be published) (citing *Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1218 (10th Cir. 2006)).

Buddy Honaker, Jim Farris, Tamara Hill, Janet Dowling, Tammy Cartwright, Jody Jones, and "Population Coordinator at Lexington Correctional Center" (*see* Am. Compl. [Doc. No. 29] at 3, ¶ 24) or "Population Supervisor, L.A.R.C." (*id*. at 12, ¶ 17).[4] Judge Erwin primarily finds that Plaintiff fails to allege sufficient facts to show the personal participation of these defendants in his medical care or a basis for supervisory liability. Plaintiff's objection fails to address this finding, arguing only that his medical condition was so obvious even a lay person could recognize the need for treatment and that all defendants knowingly disregarded risks to his health. *See* Pl.'s Obj. [Doc. No. 42] at 2, ¶ 4. Upon *de novo* review of the factual allegations of the Amended Complaint regarding these defendants and their involvement in Plaintiff's medical care, the Court fully concurs in Judge Erwin's findings and the recommendation for dismissal without prejudice of Plaintiff's claims of inadequate medical care by these defendants.

4) Plaintiff's individual-capacity claim for damages against Defendant Ladonna Warrior in Count I of the Amended Complaint for deliberate indifference to Plaintiff's medical needs should be dismissed with prejudice because her only alleged involvement was refusing as a case manager to assist Plaintiff with administrative grievances. Plaintiff makes no response to this finding in his objection, arguing only that he has a valid claim against Defendant Warrior who was "well aware of the serious medical need that [she]

---

[4] As to Defendant Hill, Judge Erwin states Plaintiff's claim should be dismissed with prejudice. *See* R&R [Doc. No. 34] at 21, 48. However, Judge Erwin finds the claim against Defendant Hill is deficient because the allegations against her "are identical to the ones . . . asserted against Defendant Honaker" and recommends the claim against Defendant Hill be dismissed "for the same reasons." *Id*. at 20. Because Judge Erwin recommends a dismissal without prejudice of Defendant Honaker, the Court assumes he also intended to recommend a dismissal without prejudice of Defendant Hill.

intentionally disregarded." *See* Pl.'s Obj. [Doc. No. 42] at 2, ¶ 5. The Court finds this objection fails to preserve a specific issue for review. *See supra* note 2. Further, upon *de novo* review of the Amended Complaint, the Court fully concurs in Judge Erwin's findings regarding Plaintiff's medical care claim against Defendant Warrior. This claim should be dismissed with prejudice because further amendment of Plaintiff's pleading would be futile.

5) Plaintiff's individual-capacity claims for damages asserted under Count II of the Amended Complaint against Defendants McCoy, Honaker, Parker, Farris, Hill, Warrior, Dowling, Cartwright, Jones, Diana Collins, Terrance Bolt, Daniel Owens, Lisa Smiley, LARC Population Supervisor, Kent King, Robert Balogh, Billie Nye, Larry Bowler, and Bethany Wagener for retaliatory conduct in violation of Plaintiff's First Amendment rights should be dismissed without prejudice for failure to allege sufficient facts to support essential elements of a retaliation claim. Plaintiff's objection fails to address the reasons given by Judge Erwin for dismissal of his retaliation claim against these defendants. *See* Pl's Obj. [Doc. No. 42] at 2-3, ¶ 7. Further, upon *de novo* consideration, the Court finds that the Amended Complaint fails to state a First Amendment retaliation claim for the reasons ably explained by Judge Erwin. Thus, the Court concurs in the recommendation for dismissal without prejudice of Plaintiff's retaliation claim in Count II.

6) Plaintiff's individual-capacity claims for damages for alleged discrimination and violation of the Equal Protection Clause, as asserted in Counts III and VI of the Amended Complaint, against Defendants Cooper, McCurdy, Honaker, McCoy, Parker, Hill, King,

Balogh, Nye, Dowling, Jones, Bowler, Wagener, Bolt, Owens, Smiley, Collins, the LARC Population Coordinator, Warrior, and Cartwright should be dismissed without prejudice, except any disability discrimination claim asserted against Defendant Dowling in Count III for alleged violation of the Americans with Disabilities Act or the Rehabilitation Act should be dismissed with prejudice. Plaintiff's objection fails to address the reasons given by Judge Erwin for dismissal of his discrimination and equal protection claims. *See id.* at 3-4, ¶¶ 8-10. Further, upon *de novo* consideration, the Court finds that the Amended Complaint fails to state a plausible discrimination or equal protection claim for the reasons ably explained by Judge Erwin. Thus, the Court concurs in the recommendation for dismissal with prejudice of Plaintiff's disability discrimination claim against Defendant Dowling and dismissal without prejudice of all other discrimination claims asserted in Counts III and VI.

7)   The conspiracy claim asserted against all Defendants in Count IV of the Amended Complaint should be dismissed without prejudice for failure to state a claim on which relief can be granted. Because Plaintiff makes no specific objection to this finding (*see id.* at 4, ¶ 11), no issue is presented for decision. Further, upon *de novo* consideration, the Court finds that the Amended Complaint fails to state a § 1983 conspiracy claim for the reasons explained by Judge Erwin. Thus, the Court concurs in the recommendation for dismissal without prejudice of the conspiracy claim in Count IV.

8)   The claims for damages for an alleged denial of due process (Count V) and an unconstitutional grievance process (Count VII) should be dismissed with prejudice for

failure to state an actionable claim. Plaintiff's objection fails to address the reasons given by Judge Erwin for dismissal of his discrimination and equal protection claims. *See id*. at 5-6, ¶¶ 12-13. Further, upon *de novo* consideration, the Court finds that the Amended Complaint fails to state a constitutional claim in Counts V and VII for the reasons explained by Judge Erwin and that these claims should be dismissed with prejudice.

9) The state-law fraud claim asserted in Count VIII of the Amended Complaint against Defendants King, Balogh, Bolwer, Wagener, Jones, McCoy, Honaker, Bolt, and Dowling should be dismissed without prejudice for failure to state a claim on which relief can be granted. Upon *de novo* consideration of this finding in light of Plaintiff's objection, the Court fully concurs that the Amended Complaint fails to state an actionable fraud claim against any of the named defendants and this claim should be dismissed without prejudice.

10) The state-law "extortion" claim asserted in Count IX of the Amended Complaint against Defendant Jones should be dismissed, but the Court should exercise supplemental jurisdiction of the claim against Defendant McCoy and permit Plaintiff to proceed on this claim, subject to proof of compliance with the procedural requirements of the Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-72. Plaintiff's objection fails to address the reasons given by Judge Erwin for dismissal of his extortion claim against Defendant Jones. *See id*. at 6, ¶ 16. Further, upon *de novo* consideration of this finding in light of Plaintiff's objection, the Court fully concurs that the Amended Complaint fails to state an actionable claim against Defendant Jones and this claim should be dismissed without prejudice.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 34] is ADOPTED as set forth herein. Further, the "Summary of Recommendations" is adopted in full <u>except</u> the dismissal of Plaintiff's claims for declaratory and injunctive relief and the dismissal of Plaintiff's claim in Count I against Defendant Hill are without prejudice. The case remains under referral to Judge Erwin for further proceedings.

IT IS SO ORDERED this 23rd day of June, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE