IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARRELL MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1297-D |
| | ) | |
| GOVERNOR MARY FALLIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 131] issued by United States Magistrate Judge Shon T. Erwin on April 5, 2018, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).[1] Judge Erwin recommends that Defendants Billie Nye and Robert Balogh's Motion for Summary Judgment [Doc. No. 85] be granted. Plaintiff has filed a timely written objection [Doc. No. 136]. The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a prison inmate appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 seeking damages for alleged violations of his constitutional rights

---

[1] Judge Erwin has issued numerous reports in this case stating his findings and conclusions on particular issues. The report currently under review is the first of three reports that separately address three dispositive motions filed by the remaining defendants. Following Judge Erwin's lead, the Court will review each pending report in a separate order.

during his confinement by the Oklahoma Department of Corrections ("ODOC").[2] Following initial screening, the remaining defendants are individuals employed at two correctional facilities where the underlying events occurred in 2014 and 2015 – Lexington Assessment and Reception Center ("LARC") and Dick Conner Correctional Center ("DCCC").[3] As pertinent here, the moving defendants are a licensed practical nurse, Billie Nye, and a medical doctor, Robert Balogh, who allegedly acted with deliberate indifference to Plaintiff's serious medical needs at LARC, as alleged in the Amended Complaint. *See* Am. Compl. [Doc. No. 29] at 10-12. Plaintiff claims that "Nurse Nye refused to allow plaintiff to see Dr. McCurdy the entire time the plaintiff was housed at L.A.R.C." and that "Dr. Balogh dismissed documented degenerative disease, disregarded extensive medical records/previous treatment, making false and unsubstantiated claims to avoid proper/timely treatment . . . [and] recklessly and maliciously discontinued previous treatment of medication, Gabapentin, used effectively for years managing chronic pain." *Id*. at 11.

Upon consideration of the summary judgment motion jointly filed by Nurse Nye and Dr. Balogh, and after examining the voluminous case record, Judge Erwin finds that Plaintiff failed to exhaust his administrative remedies for these claims as required by 42 U.S.C. § 1997e(a). Judge Erwin therefore recommends that summary judgment be granted to Defendants Nye and Balogh on the ground of non-exhaustion. Plaintiff's

---

[2] In his pleading, Plaintiff also sought declaratory and injunctive relief, but the Court has determined that the only available remedy is an award of damages against individual defendants. *See* Order of 6/23/17 [Doc. No. 43] at 2 & n.3; R&R of 3/29/17 [Doc. No. 34] at 8-13.

[3] Plaintiff was later transferred to a private prison, Cimarron Correctional Facility; he is now confined at the John H. Lilley Correctional Center.

objection – despite its length and attached affidavit stating his disagreement with numerous statements – does not dispute the material facts regarding administrative exhaustion of his claims against Defendants Nye and Balogh, as discussed *infra*. The essence of Plaintiff's objection is that he "exhausted his 'available' remedies and claims." *See* Obj. [Doc. No. 136] at 1 (citing *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010)). Plaintiff argues that he was prevented from completing the grievance process by the failure of some ODOC employees to follow proper procedures.

Upon *de novo* review of the issue of Plaintiff's exhaustion of his medical care claims against Defendants Nye and Balogh, the Court fully concurs in Judge Erwin's findings and recommendation that Defendants are entitled to summary judgment on the ground of non-exhaustion. Although Plaintiff disagrees with some statements in the Report regarding the procedural history of his grievances and appeals, the following facts are not disputed: Utilizing the administrative grievance process, Plaintiff received a written response after he left LARC to his only "Request to Staff" regarding the alleged failure of Nurse Nye and Dr. Balogh to adequately address Plaintiff's need for chronic pain management.[4] After receiving this answer, Plaintiff was entitled to, but did not, submit a grievance on this issue. Plaintiff does not address in his objection the failure to proceed at that time with a grievance

---

[4] Under ODOC's administrative process, an inmate must obtain a response to a written Request to Staff (or RTS) before filing a formal grievance, and the lack of a timely response to an RTS or grievance provides a separate basis to complain. Plaintiff submitted grievances regarding a lack of response to his RTS #2032 regarding Nurse Nye and Dr. Balogh and received a written response in March 2015.

3

regarding the alleged misconduct of Nurse Nye and Dr. Balogh.[5] Therefore, the Court finds that Judge Erwin is correct in concluding that Plaintiff failed to complete the administrative process for his claims against Nurse Nye and Dr. Balogh.[6]

The Court further finds that Plaintiff has failed to come forward with sufficient facts to show that ODOC's administrative process was unavailable to exhaust these claims. Plaintiff contends administrative exhaustion of his claims against Nurse Nye and Dr. Balogh should be excused because ODOC officials, particularly health services administrator Buddy Honaker, did not properly handle Plaintiff's grievance regarding the lack of a response to his Request to Staff (#2032) regarding medical treatment at LARC. However, it is undisputed that Plaintiff was provided an administrative remedy for Mr. Honaker's alleged failure to comply with ODOC's grievance policy in that Plaintiff subsequently received a copy of Mr. Honaker's written response to RTS #2032. Under these circumstances, Plaintiff cannot show that ODOC officials prevented him from completing the administrative process for his claims that Nurse Nye and Dr. Balogh failed to provide adequate treatment of his serious medical needs at LARC.

---

[5] Plaintiff does not pursue an argument that he presented in opposition to summary judgment, that a grievance would have been untimely at that point. *See* Pl.'s Resp. Br. [Doc. No. 105] at 27 (ECF page numbering); R&R at 10-11. Plaintiff's failure to object to Judge Erwin's findings regarding this timeliness argument waives further review of this issue. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[6] Regarding allegations that Dr. Balogh altered or misrepresented Plaintiff's medical records, Plaintiff does not disagree with Judge Erwin's finding that Plaintiff did not pursue any ODOC grievance on this issue but, instead, complained to the Oklahoma Board of Medical Licensure and Supervision. Plaintiff offers no excuse for his failure to exhaust ODOC administrative remedies for any § 1983 claim based on these allegations.

For these reasons, the Court finds that Defendants Nye and Balogh are entitled to summary judgment on Plaintiff's § 1983 claims against them. The undisputed facts show that Plaintiff failed to satisfy the statutory requirement to exhaust administrative remedies.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 131] is ADOPTED. Defendants Billie Nye and Robert Balogh's Motion for Summary Judgment [Doc. No. 85] is GRANTED, as set forth herein.

IT IS SO ORDERED this 31st day of August, 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE