IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DARRELL MORRIS,                )
                               )
        Plaintiff,             )
                               )
v.                             )   Case No. CIV-16-1297-D
                               )
GOVERNOR MARY FALLIN, *et al.*,)
                               )
        Defendants.            )

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 138] issued by United States Magistrate Judge Shon T. Erwin on April 26, 2018, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).[1] Judge Erwin recommends that Defendants Bethany Wagener and Larry Bowler's Motion for Summary Judgment [Doc. No. 96] be granted. Plaintiff has filed a timely written objection [Doc. No. 139]. The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a prison inmate appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 seeking damages for alleged violations of his constitutional rights during his confinement by the Oklahoma Department of Corrections ("ODOC"). The

---

[1] Judge Erwin has issued several reports in this case stating his findings and conclusions on particular issues. The report currently under review is the second of three reports that separately address three dispositive motions filed by the remaining defendants. The Court previously adopted the first report by Order of August 31, 2018 [Doc. No. 153], and will review the third report in a separate order.

moving defendants are a doctor and a physician's assistant who were employed at the Dick Conner Correctional Center ("DCCC") when Plaintiff was confined there in 2015.[2] Plaintiff claims Dr. Bowler and Ms. Wagener acted with deliberate indifference to his serious medical needs. *See* Am. Compl. [Doc. No. 29] at 10-12. Dr. Bowler allegedly denied Plaintiff a wheelchair when he arrived at DCCC, "discontinued medications, confiscated medical devices . . . [and denied] proper/timely medical treatment even though the plaintiff's medical problems/health issues were extensively well documented." *Id.* at 12, ¶ 15. Plaintiff makes these same allegations against Ms. Wagener, and alleges she "terminated sick call visits without addressing all plaintiff's problems." *Id.* ¶ 16.

Upon consideration of the summary judgment motion jointly filed by Defendants Wagener and Bowler, and the voluminous case record, Judge Erwin finds that Plaintiff failed to exhaust administrative remedies for his claims, as required by 42 U.S.C. § 1997e(a), to the extent they are based on denial of a wheelchair and discontinuation of previously prescribed medication. Judge Erwin therefore recommends that summary judgment be granted to Defendants Wagener and Bowler on these claims as unexhausted. As to Plaintiff's claims that he was denied medical devices at DCCC that were provided at a prior facility ("foam wedge" and "eggcrate mattress") and that Ms. Wagener prematurely terminated a medical appointment, Judge Erwin finds that Defendants are entitled to

---

[2] Plaintiff was later transferred to a private prison, Cimarron Correctional Facility; he is now confined at the John H. Lilley Correctional Center.

qualified immunity because Plaintiff has failed to present sufficient factual allegations to show that a constitutional violation occurred.

Plaintiff has presented a lengthy objection in narrative fashion that makes it difficult to determine whether he objects to the factual and procedural history set forth by Judge Erwin in his Report. However, upon careful examination of the facts stated by Plaintiff in light of the case record, the Court finds that he does not dispute the critical facts regarding administrative exhaustion of his wheelchair and medication claims against Defendants Wagener and Bowler. It is undisputed that Plaintiff did not complete the administrative process for these claims; his appeals from denials of the relevant grievances were rejected for procedural reasons, and after repeated rejections, his right to proceed was deemed "waived/forfeited" pursuant ODOC's grievance procedure, OP-090124, § VII(B)(1)(e). *See* Special Report, Ex. 16 [Doc. No. 83-16] at 15, Ex. 12 [Doc. No. 83-12] at 14 (ECF page numbering).

Liberally construing Plaintiff's Objection, the issues presented are similar to the ones raised in his summary judgment response regarding administrative exhaustion of his wheelchair and medication claims: 1) whether the administrative review authority's rejections were based on false reasons; 2) whether a grievance restriction imposed in April 2015 (which contributed to subsequent rejections of grievance appeals) was arbitrary and unfounded so compliance should be excused; and 3) whether ODOC administrative practices, such as a failure to date-stamp grievances on the date they are submitted and a general failure to follow the grievance policy (OP-090124), prevents inmates from

3

completing the administrative process. If so, then Plaintiff contends an administrative remedy was effectively "unavailable" within the meaning of *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). *See* Obj. [Doc. No. 139] at 6, 11.[3]

Upon *de novo* review of the issues raised by Plaintiff's Objection, the Court fully concurs in Judge Erwin's findings and recommendation that Defendants Wagener and Bowler are entitled to summary judgment on the ground of non-exhaustion. Although Judge Erwin's Report contains some minor or typographical errors,[4] the Court fully concurs in Judge Erwin's findings that Plaintiff has not demonstrated a genuine dispute of fact relevant to the issue of whether the conduct of prison officials rendered the administrative review process unavailable under *Little*.

The specific instances in which Plaintiff alleges that the administrative review authority gave false reasons for rejecting his grievance appeals appear to be ones in which

---

[3] Plaintiff also appears to raise an additional issue of whether he was prevented from meeting his burden to show administrative exhaustion should be excused, by a local court rule that imposed a page limit on summary judgment briefs. *See* LCvR7.1(e); *see also Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (inmate bears burden to show remedies were unavailable). The Court rejects any such assertion. Judge Erwin granted Plaintiff's request to file an over-sized brief, and allowed Plaintiff to supplement the record with additional documents alleged to be material and necessary to his case. *See* Order of March 1, 2018 [Doc. No. 115]; Suppl. Docs. [Doc. Nos. 120 to 123].

[4] Judge Erwin incorrectly states that Plaintiff's first appeal from the denial of Grievance 15-13 regarding a wheelchair was submitted April 8, 2015, instead of April 14, 2015 (*see* R&R at 7; Special Report, Ex. 16 [Doc. No. 83-16] at 8); that Plaintiff submitted a staff request directly to ODOC's medical administrator on March 19, 2015, instead of May 19, 2015 (*see* R&R at 8; Special Report, Ex. 23 [Doc. No. 83-23] at 2); that Plaintiff's first appeal from the denial of Grievance 15-03 regarding medication was submitted February 20, 2015, instead of February 23, 2015 (*see* R&R at 9; Special Report, Ex. 12 [Doc. No. 83-12] at 10); and that Genese McCoy, rather than Buddy Honaker, rejected the second appeal regarding Grievance 15-21 and informed Plaintiff further review was waived (*see* R&R at 10; Special Report, Ex. 22 [Doc. No. 83-22] at 13).

the procedural defect involved noncompliance with Plaintiff's grievance restriction. The volume of the grievance record and Judge Erwin's summary of the procedural history, together with Plaintiff's own statement of facts, show that he inundated prison officials with a steady flow of staff requests, grievances, and grievance appeals. Under these circumstances, Plaintiff cannot effectively claim that the grievance restriction imposed on him was unfounded.

The additional procedures required of a frequent-filer inmate who is subject to ODOC's grievance restriction policy are necessarily more burdensome, but they do not prevent administrative exhaustion. The Tenth Circuit has previously held that an inmate subject to the policy can properly be required to comply with it, and an inmate who is notified of a deficiency and fails to correct it cannot be found to have exhausted the grievance process. Under these circumstances, the inmate "'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them.'" *See Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002)). Plaintiff has not presented facts that would show he was prevented from exhausting his claims regarding a wheelchair and discontinuation of his medication for neuropathy and pain.

Regarding the denial of medical devices and Ms. Wagener's premature termination of medical appointments, Plaintiff objects to Judge Erwin's findings that no constitutional violation is sufficiently stated. The essence of his complaint about his eggcrate mattress and foam wedge are that he had "permanent" medical orders for these devices, and "[h]e

5

should never have been transferred to a facility that could not meet his medical needs" for such devices. *See* Obj. at 12. Neither Dr. Bowler nor Ms. Wagener were responsible for Plaintiff's prison assignment. Upon *de novo* consideration, the Court fully concurs in Judge Erwin's findings and conclusion that Plaintiff has failed to set forth sufficient facts to show that Dr. Bowler or Ms. Wagener engaged in deliberate indifference to a serious medical need with respect to the exhausted issues.

For these reasons, the Court finds that Defendants Wagener and Bowler are entitled to summary judgment on Plaintiff's § 1983 claims against them. The undisputed facts show that Plaintiff failed to complete the administrative process for exhaustion of his claims regarding denial of a wheelchair and discontinuation of a prescription medication, and Plaintiff's factual allegations regarding the denial of medical devices and premature termination of a medical appointment fail to show that unconstitutional conduct occurred.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 138] is ADOPTED. Defendants Bethany Wagener and Larry Bowler's Motion for Summary Judgment [Doc. No. 96] is GRANTED, as set forth herein.

IT IS SO ORDERED this 24th day of September, 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE