IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| DARRELL MORRIS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1297-D |
| | ) | |
| GOVERNOR MARY FALLIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

This matter comes before the Court for review of the Report and Recommendation ("R&R") issued by United States Magistrate Judge Shon T. Erwin on June 27, 2018 [Doc. No. 142], pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).[1] Judge Erwin recommends that Defendants Genese McCoy and Kent King's Motion to Dismiss [Doc. No. 133] be treated as a motion for summary judgment and granted. Plaintiff has filed a timely objection [Doc. No. 145]. The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a prison inmate appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 regarding alleged violations of his constitutional rights during his

---

[1] This is Judge Erwin's third R&R separately addressing each dispositive motion filed by the remaining defendants. Following this approach, the Court has undertaken a review of each R&R in a separate order. *See* 8/31/18 Order [Doc. No. 153]; 9/24/18 Order [Doc. No. 154]. The Court's task has been delayed because Plaintiff took interlocutory appeals of the prior orders. The Tenth Circuit recently dismissed the appeals. *See Morris v. Balogh*, No. 18-6173, Order (10th Cir. Nov. 8, 2018); *Morris v. Bowler*, No. 18-6174, Order (10th Cir. Nov. 8, 2018).

confinement by the Oklahoma Department of Corrections ("ODOC") while he was placed in the Lexington Assessment and Reception Center ("LARC") and the Dick Conner Correctional Center in 2014 and 2015.[2] The moving defendants are a medical doctor, Kent King, who treated Plaintiff at LARC and allegedly acted with deliberate indifference to his serious medical needs, and ODOC's medical services administrator at the time, Genese McCoy. Plaintiff claims in Count I of the Amended Complaint that "Dr. King dismissed documented degenerative disease, disregarded extensive medical records/previous treatment, making false and unsubstantiated claims to avoid proper/timely treatment . . . [and] recklessly and maliciously discontinued previous treatment of medication, Gabapentin, used effectively for years managing chronic pain." *See* Am. Compl. [Doc. No. 29] at 11. Plaintiff claims in Count IX that Ms. McCoy engaged in conduct (imposing a grievance restriction that resulted in costs for filing grievances) that amounted to extortion. *Id*. at 23.

Upon consideration of the dispositive motion filed by Ms. McCoy and Dr. King in light of the extensive case record, Judge Erwin finds that Plaintiff failed to exhaust his administrative remedies for a § 1983 claim against Dr. King, as required by 42 U.S.C. § 1997e(a), and that Plaintiff has not shown he complied with Oklahoma's statutory prerequisites for a tort action against Ms. McCoy. *See* Okla. Stat. tit. 51, §§ 151-74. Judge Erwin therefore recommends that summary judgment be granted to Defendant King on the

---

[2] Plaintiff was later transferred to other facilities, and is now confined at the John H. Lilley Correctional Center.

ground of non-exhaustion and to Ms. McCoy on the ground of noncompliance with state law. If adopted, the recommendation regarding Plaintiff's tort claim against Ms. McCoy would result in a dismissal without prejudice. *See* R&R at 16 (citing *Prince v. City of Okla. City*, Case No. CIV-09-653-F, 2009 WL 2929341, *4 (W.D. Okla. Sept. 29, 2009)); *see Hathaway v. State ex rel. Med. Research & Tech. Auth.*, 49 P.3d 740, 744 (Okla. 2002) (tort action subject to the Governmental Tort Claims Act must be dismissed "unless a notice of claim has been timely presented and the claim has been denied," but the action may be refiled after notice requirements are met).

Plaintiff's Objection – despite its length and inclusion of affidavits – does not properly dispute the material facts underlying Judge Erwin's finding that Plaintiff did not exhaust ODOC's administrative process for his claim against Dr. King; it is silent concerning his claim against Ms. McCoy. With the exception of one added paragraph, the filing consists of a compilation of pages copied from prior submissions that Plaintiff has made in opposition to dispositive motions or in objection to a prior R&R. *Compare* Pl.'s Obj. at 1-8 *with* Pl.'s Obj. R&R of 4/5/18 [Doc. No. 136] at 1-8; *compare* Pl.'s Obj. at 9-22 *with* Pl.'s Resp. Defs. McCoy & King's Mot. [Doc. No. 140] at 10-22 and Pl.'s Resp. Defs. Wagoner & Bowler's Mot. Summ. J. [Doc. No. 113] at 21-27. The added paragraph (which appears at the bottom of page 8) simply takes issue with language used by Judge Erwin to explain the grievance history.[3] By failing to object to Judge Erwin's findings

---

[3] Because at one point, Plaintiff was simultaneously proceeding down two different paths in his effort to obtain an answer to the pertinent Request to Staff (#2032), Judge Erwin states that Plaintiff "created two paper trails." See R&R at 8. Plaintiff believes a reference to paper trials trivializes his medical needs and problems. *See* Pl.'s Obj. at 8.

3

regarding the tort claim, Plaintiff has waived further review of these issues. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

The same Request to Staff (#2032) that initiated the grievance process regarding Plaintiff's complaint about Dr. King's medical care also formed the basis of his complaint against other LARC medical staff (Dr. Robert Balogh and Nurse Billie Nye). The Court previously found, upon *de novo* review of the R&R regarding Plaintiff's § 1983 claims against Dr. Balogh and Nurse Nye [Doc. No. 131], "that Judge Erwin is correct in concluding that Plaintiff failed to complete the administrative process" and "that Plaintiff has failed to come forward with sufficient facts to show that ODOC's administrative process was unavailable to exhaust these claims." *See* 8/31/18 Order [Doc. No. 153] at 4. Plaintiff's current filing provides no basis to alter that ruling.

Therefore, upon *de novo* review of the issues addressed in Judge Erwin's current R&R, the Court finds that Defendant King is entitled to summary judgment on Plaintiff's § 1983 claim against him. The undisputed facts show that Plaintiff failed to satisfy the requirement of § 1997e to exhaust administrative remedies. The Court further finds that Plaintiff has failed to show compliance with state law requirements to bring a tort claim against Defendant McCoy.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 142] is ADOPTED. Defendants Genese McCoy and Kent King's Motion to Dismiss [Doc. No. 133], treated as a motion for summary judgment, is GRANTED as set forth

herein.  Because this Order disposes of all remaining claims against all remaining parties, a separate judgment shall be entered in favor of Defendants in accordance with this Order and prior dispositive orders [Doc. Nos. 43, 153, 154].

    IT IS SO ORDERED this 21st day of November, 2018.

                                              TIMOTHY D. DeGIUSTI
                                              UNITED STATES DISTRICT JUDGE